IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 13 2021
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.                                 Criminal No. 3:18cr10-02
                                   Criminal No. 3:19cr3

BANITA BRANDISE SAFFORE

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 152 in Criminal No. 3:18cr10-02), the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 603(b) OF FIRST STEP ACT (ECF No. 163, 18cr10 and ECF No. 31 in Criminal No. 3:19cr3), the United States Response in Opposition to Defendant's Motion for Compassionate Release (ECF Nos. 171 and 39), and MS. SAFFORE'S REPLY IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF Nos. 172 and 40). For the reasons set forth below, the defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 152) and the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 603(b) OF FIRST STEP ACT (ECF Nos. 163 and 31) will be denied.

## BACKGROUND

Banita Brandise Saffore and her mother, Charlene Saffore Cannon, participated for at least for five years in a scheme to file tax returns with the Internal Revenue Service ("IRS") on behalf of clients knowing that the returns contained false representation as to material information, including income, dependents and education expenses.  The result was to inflate the refunds that the IRS paid to Saffore's clients.  Also, Saffore and her mother, through their work, obtained the personal identification information of their clients and they used that information to file returns with the knowledge and consent of those individuals.  Saffore and Cannon then appropriated for themselves the refunds thereby facilitated.  The Presentence Report establishes that the United States Treasury incurred approximately $175,000.00 in losses attributable to Saffore as a result of the scheme which she and her mother practiced for at least five years.

On April 9, 2018, Saffore entered guilty pleas to Counts One and Eight of an Indictment in Case No. 3:18cr10.  Those counts charged her respectively with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1).  Saffore was scheduled to be sentenced on September 6, 2018.  However, she did not appear at sentencing.  The Court issued a bench warrant for her arrest and,

2

on January 9, 2019, she was indicted to appear in violation of 18 U.S.C. § 3416(a)(1) in Case No. 3:19cr3. Saffore was arrested in Atlanta, Georgia on May 31, 2019. She later pled guilty to the failure to appear charge in Case No. 3:19cr3. Both cases were consolidated for sentencing.

On October 31, 2019, the Court imposed an aggregate sentence of 87 months imprisonment to be followed by three years of supervised release. The periods of incarceration were 57 months on Count One (3:18cr10), 24 months on Count Eight (3:18cr10), and six months on the failure to appear charge in Case No. 3:19cr3. All sentences were set to run consecutively. Saffore's current release date is September 24, 2025.

Because she is obese, has high blood pressure, asthma, and is being assessed for possible breast cancer, Saffore's seeks compassionate release. The record shows that in the summer of 2020, Saffore contracted COVID-19 but has now recovered.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that

3

extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

4

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, ____ F. Supp.3d ____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1. Particularized Susceptibility

The defendant has established that she is obese. And she has high blood pressure and asthma. And, although she is being treated for mental health conditions, that has no bearing on her motion except that the medication prescribed for those conditions are causing increased obesity. However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because identified risk factor conditions must be serious to constitute extraordinary and compelling reasons. It appears from the record that the conditions on which Saffore bases her motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In any event, Saffore has not established that her medical needs cannot be met while incarcerated and, indeed,

the medical records filed herein outline that she receives regular medical care, adjustment of his medications, and testing related to the chronic health issues.

Saffore has contracted COVID-19. She argues that she might contract it again. Whether that is so is speculative and the record does not support a finding that Saffore is likely to again contract the virus.

In sum, Saffore has not met the particularized susceptibility risk facet of the applicable test.

2. **Particularized Facility Risk**

Nor has Saffore met the particularized facility risk component of the appropriate test. Her motion cites press releases respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Waseca, the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Waseca had 4 active case of COVID-19 among inmates (out of a population of approximately 650 inmates), 2 active cases of COVID-19 among staff, and 435 inmates and 24 staff members who previously had, but have recovered from COVID-19. The facility reports no deaths. In addition, all inmates who have tested positive are being appropriately treated and isolated

in accord with the appropriate CDC guidelines that have been adopted by the Bureau of Prisons. Thus, while FCI Waseca was at one time heavily affected by COVID-19, it appears that is no longer the case. Thus, the particularized facility component of the test is not met.

### 3. Assessment Under 18 U.S.C. § 3553(a)

But, even if Saffore had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a).[1]

The analysis begins with the serious nature of the offense which was a complex scheme of tax return fraud that involved identity fraud as well. It continues with the defendant's serious criminal record that includes convictions for shoplifting, fraud in registering a vehicle, contempt of court for failure to appear and failure to obey court directives. Moreover, Saffore committed the offenses of conviction while subject to suspended sentences and probation. And, she absconded while awaiting sentence in this Court.

---

[1] Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. There is no evidence that the defendant is a physical danger to the community.

Saffore's inclination to criminal behavior and her track record calls for protection of the public and the need to teach her deterrence. She has not benefitted from leniency and service of the entire sentence is necessary to fulfil the objectives of 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons set forth above, the defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 152 in Criminal No. 3:18cr10) and the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 603(b) OF FIRST STEP ACT (ECF No. 163 in 3:18cr10 and ECF No. 31 in Criminal No. 3:19cr3) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 12, 2021